1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL EVANS,

11             Petitioner,              No. CIV S-06-0010 LKK GGH P

12      vs.

13   CALIFORNIA DEPT. OF CORRECTIONS,[1]
     et al.,

14

15             Respondent.             ORDER and FINDINGS &

                                       RECOMMENDATIONS
16   _____/

17            Petitioner, a state prisoner proceeding pro se, has purported to file an application

18   for a writ of writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Although petitioner asserts that

19   he should not be subjected to an administrative exhaustion requirement, the petitioner's claim

20   _____

21        [1]  "A petitioner for habeas corpus relief must name the state officer having custody of him
     or her as the respondent to the petition.  This person typically is the warden of the facility in which
22   the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)."
     Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C.
23   foll. § 2254).  Failure to name the petitioner's custodian as a respondent deprives federal courts of
     personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).  In the instant action,
24   petitioner appears to have named either or both the California Department of Corrections and/or the
     Board of Prison Terms as respondent.  These entities are not the proper respondent in this action.
25   Petitioner is cautioned that should he return to this court after exhaustion, he should name the proper
     respondent.  Failure to do so may result in the dismissal of the petition with leave to amend.  See
     Stanley, 21 F.3d at 360.
26

                                             1

1    concerning not being granted half-time credits against his current eight-month sentence prior to

2    entering a rehabilitation program has not been exhausted with respect to *state court remedies*.

3          The exhaustion of state court remedies is a prerequisite to the granting of a

4    petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

5    be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[2]  A waiver of exhaustion,

6    thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

7    providing the highest state court with a full and fair opportunity to consider all claims before

8    presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v.</u>

9    <u>Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert. denied</u>, 478 U.S. 1021 (1986).

10         After reviewing the petition for habeas corpus, the court finds that petitioner has

11   failed to exhaust state court remedies.  The claims have not been presented to the California

12   Supreme Court.  Further, there is no allegation that state court remedies are no longer available to

13   petitioner.  Accordingly, the petition should be dismissed without prejudice.[3]

14         In addition, petitioner has not filed an in forma pauperis affidavit or paid the

15   required filing fee ($5.00).  <u>See</u> 28 U.S.C. §§ 1914(a); 1915(a).  Based upon the court's

16   recommendation for dismissal, petitioner will not be required at this time to submit the

17   appropriate affidavit in support of a request to proceed in forma pauperis or the appropriate filing

18   fee.

19         In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the

20   Court is directed to serve a copy of these findings and recommendations together with a copy of

21

22       [2]   A petition may be denied on the merits without exhaustion of state court remedies.  28
     U.S.C. § 2254(b)(2).
23

24       [3]   Petitioner is cautioned that the habeas corpus statute imposes a one year statute of
     limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year
25   period will start to run on the date on which the state court judgment became final by the conclusion
     of direct review or the expiration of time for seeking direct review, although the statute of limitations
     is tolled while a properly filed application for state post-conviction or other collateral review is
26   pending.  28 U.S.C. § 2244(d).

                                                    2

1    the petition filed in the instant case on the Attorney General of the State of California; and

2          IT IS HEREBY RECOMMENDED that petitioner's application for a writ of

3    habeas corpus be dismissed for failure to exhaust state remedies.

4          These findings and recommendations will be submitted to the United States

5    District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

6    twenty days after being served with these findings and recommendations, petitioner may file

7    written objections with the court.  The document should be captioned "Objections to Findings

8    and Recommendations."  Petitioner is advised that failure to file objections within the specified

9    time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

10   (9th Cir. 1991).

11   DATED: 2/8/06

12

13                                         /s/ Gregory G. Hollows

14                                         _____
                                           GREGORY G. HOLLOWS
                                           UNITED STATES MAGISTRATE JUDGE
15
     GGH:009/bb
16   evan0010.103+

17

18

19

20

21

22

23

24

25

26